IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **TIMOTHY R. MURRAY,** | § |
| *Plaintiff,* | § |
| v. | § CASE NO. 6:24-CV-00419-ADA-DTG |
| **HOMEVETS REALTY, LLC,** | § |
| *Defendant,* | § |

**REPORT & RECOMMENDATION TO GRANT DEFENDANT'S MOTION TO DISMISS PURSUANT TO EXECUTED SETTLEMENT AGREEMENT (DKT. NO. 48)**

**TO:   THE HONORABLE ALAN D ALBRIGHT,
          UNITED STATES DISTRICT JUDGE**

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Pending before the Court is the defendant, Homevets Realty, LLC's motion to dismiss pursuant to executed settlement agreement and request for attorney fees (Dkt. No. 48). The deadline for the plaintiff, Timothy R. Murray, to respond to the defendant's motion has passed, and on October 21, 2025, the Court held a hearing on the motion (Dkt. No. 51). After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the defendant's motion to dismiss pursuant to the executed settlement agreement be **GRANTED** and the request for attorney fees against the plaintiff be **DENIED-AS-MOOT**. The undersigned further **RECOMMENDS** that all other pending motions are **DENIED-AS-MOOT**.

I. BACKGROUND

This dispute arises out of the plaintiff, Timothy R. Murray's attempted purchase of real estate. *See* Dkt. No. 1–4. The defendant Homevets Realty, LLC removed this case to federal court because of the plaintiff's assertion of claims under the Federal Truth in Lending Act and the Federal Emergency Banking Act. Dkt. No. 1. On June 6, 2025, the plaintiff and the defendants executed a settlement agreement to settle and compromise all claims, matters, disputes, and causes of action between them, fully and finally. Dkt. No. 48 at 1. A notice of settlement was filed with the Court. Dkt. No. 47. According to the defendant Homevets Realty, the plaintiff agreed to dismiss the claims against the defendants upon receiving the settlement check. Dkt. No. 48 at 1–2.

On June 9, 2025, the defendants issued the settlement check to the plaintiff. *Id.* Since issuing the check, the defendants reached out to the plaintiff several times to confirm receipt but received no response. *Id.* at 2. The defendants' records indicate that the check was cashed. *Id.*; Dkt. No. 48-2 (Ex. B). To date, the plaintiff has not responded to the defendants' inquiries or moved to dismiss the claims as required by the settlement agreement. *Id.* On July 7, 2025, the defendant Homevets Realty filed its motion to dismiss pursuant to the executed settlement agreement and requested attorney fees. Dkt. No. 48. The plaintiff did not respond to the motion.

The Court set a show cause hearing for Oct. 21, 2025. Dkt. No. 50. The plaintiff failed to appear for the hearing. The defendants appeared through counsel, and the Court heard argument from the defendant Homevets Realty on the pending motion to dismiss pursuant to executed settlement agreement and request for attorney fees. *See* Dkt. No. 51. During the hearing, defense counsel waived its claim for attorney fees. The Court requested an in-camera review of the

settlement agreement between the parties, which was submitted to the Court for review of the terms.

## II. ANALYSIS

A district court has inherent power to recognize, encourage, and when necessary, enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994). Settlement agreements, when fairly arrived at and properly entered into, are generally viewed as binding, final, and as conclusive of the rights of the parties as is a judgment entered by the court. *Shepherd v. Wells Fargo Bank*, No. 1:15-CV-358 RP, 2016 WL 4435267, at *2 (W.D. Tex. Aug. 19, 2016). The construction and enforcement of settlement agreements is governed by principles of state law applicable to contracts generally. *Id.* Texas law presumes contracts to be valid. *Clark v. Power Mktg. Direct, Inc.*, 192 S.W.3d 796 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Over three months ago, the parties executed a settlement agreement, and the defendants filed a notice of settlement stating that the parties agreed to settle and compromise all claims, matters, disputes, and causes of action, fully and finally. Dkt. No. 47. The plaintiff has made no claims that the settlement agreement is invalid, nor has the plaintiff filed anything to raise concern that the settlement agreement was entered into unfairly. Therefore, the Court presumes the settlement agreement to be a valid enforceable contract. A copy of the executed, unredacted settlement agreement was submitted to the court for in camera review. Upon review of the terms, the settlement agreement clearly states that once the plaintiff received the settlement check, the plaintiff was to dismiss the claims against the defendants.

Proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was

addressed. *Duron v. Albertson's LLC*, 560 F.3d 288, 290 (5th Cir. 2009). During the October 21 hearing, defense counsel affirmed that the check was properly directed and sent to the plaintiff, and that there is evidence the check was cashed. The Court presumes that the check reached its destination and was actually received by the plaintiff. The plaintiff has made no attempt to notify the defendants or the Court otherwise. The defendants further confirmed that Exhibit B, Dkt. No. 48-2 is a copy of the cashed check bearing the plaintiff's signature, which provides additional evidence that the defendants have complied with all of the requirements of the settlement agreement and that the plaintiff has received the required funds. The plaintiff has not, however, dismissed the claims. Through the Court's inherent power to enforce settlement agreements, the motion to dismiss should be **GRANTED**.

The Court does not need to address the request for attorneys' fees. At the hearing, the defendants' counsel orally withdrew that request. Thus, the issue of attorneys' fees is no longer before the Court, and the request is **MOOT**.

### III.    RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant's motion to dismiss pursuant to the executed settlement agreement be **GRANTED**, that this case be dismissed with prejudice with each party bearing their own costs, and that the request for attorney fees against the plaintiff be **DENIED-AS-MOOT**. It is further **RECOMMENDED** that all pending motions (Dkt. Nos. 10, 11, 24, 26, 27, 35, 37, 41, and 44) be **DENIED-AS-MOOT** and that all relief not expressly granted be **DENIED**.

## IV. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 27th day of October, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE